Emerald City Law Firm PC
5355 Tallman Ave NW Ste 207
Seattle, WA   98107
P: 206-706-2882
E: jason@jasonandersonlaw.com

Judge: Timothy W. Dore
Chapter 13
Hearing Date: December 7, 2022
Hearing Location: Seattle Bankruptcy Court
Response Date: November 30, 2022

WESTERN DISTRICT OF WASHINGTON BANKRUPTCY COURT

| IN RE | |
|---|---|
| Billie Jean Harris | NO. **22-11028** |
| | OBJECTION TO CLAIM #3 |

I.     **INTRODUCTION AND RELIEF REQUESTED**

The debtor, Billie Jean Harris, hereby objects to the Claim filed on behalf of Deutsche Bank National Trust Company in this case.[1] The debtor first objects some fees and charges claimed by Deutsche Bank that were waived in prior litigation. Specifically, pre-judgment interest, certain pre-judgment attorney fees and related charges when it obtained a judgment in the total amount of $472,840.79. Second the debtor objects to further additions to the claim

---

[1] The full name is Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R5 (hereinafter "Deutsche Bank").

OBJECTION TO CLAIM

that do not comply with the requirements of the operative judgment.[2]

## II. FACTS

A. DEUTSCHE BANK HAS ADDED TO ITS CLAIMS VARIOUS FEES AND CHARGED INCURRED PRIOR TO ENTRY OF JUDGMENT THAT WERE NOT INCLUDED IN THE JUDGMENT.

The claimant herein, filed an action for judicial foreclosure against Curtis Harris and Billie Jean Harris. This eventually resulted in an order for summary judgment being entered in the amount of $472,840.79 on April 7, 2021. In moving for this relief, Deutsche Bank asked that judgment be entered immediately and that the matter not be set for trial on some fees and costs that the Court ruled were not adequately supported by evidence in the summary judgment motion and related declarations. In doing so, Deutsche Bank avoided the expense and delay associated with a trial regarding these additional fees and costs that were not allowed by the court at summary judgment.

Now, over a year after the entry of this judgment, and having enjoyed the benefit of immediate entry of judgment, Deutsche Bank is now claiming pre-judgment interest and pre-judgment fees and costs that were not granted in the King County Superior Court Proceeding. These specific charges are the

- Pre-Judgment Interest in the amount of $12,596.07
- Pre-Judgment Escrow Advances of $5,082.72
- Pre-Judgment Costs and Fees of $8,794.56

These improper charges total: $26,473.35 and should be subtracted from the claim.

---

[2] In filing this objection, the debtor, seeks to reserve her right to object wholistically to the claim based on further theories that may be developed.

OBJECTION TO CLAIM

Further, the claimant is claiming late fees after the loan has been accelerated and reduced to a judgment. The late fees in the amount of $74.87 each month after entry of judgment is improper and should be disallowed. This totals two months for April of 2021 and May of 2021.

B. POST-JUDGMENT ADDITIONS

In paragraph 3 and 6 of the judgment, the judgment allows for additions to the judgment, but requires that those additions be (a) additions to the judgment and (b) be made by way of Declaration of Counsel, and notice given to the defendants. Deutsche Bank has not provided any declaration on notice to the defendants of these charges in the Superior Court case.

For example, it appears that the Claimant is seeking late fees for April and May of 2021 – both arising after entry of the Judgment.

### III.  EVIDENCE

The Judgment incorporated into Claim #3.

### IV.  ISSUES

1. Whether Deutsche Bank may supplement its claim with pre-judgment charges that were not awarded in a final judgment entered in King County Superior Court under case 15-2-19089-0 KNT.
2. Whether Deutsche Bank may supplement its Claim with additions to a Judgment without complying with the requirements in the Judgment for making additions to the Judgment.

### V.  AUTHORITY AND ARGUMENT

The present claim by Deutsche Bank arises out of a Judgment and Decree of

OBJECTION TO CLAIM

Foreclosure in King County Superior Court case 15-2-190890 KNT. This judgment in turn arose from a contractual dispute arising from a contract entered into in Washington regarding a note secured by a deed of trust on property located in Washington. The Claimant, Deutsche Bank claims the right to enforce this note. Thus, the dispute was required to be decided under Washington law.

Under Washington law, res judicata bars the relitigation of claims and issues that were litigated or could have been litigated in a prior action. *Loveridqe v. Fred Meyer. Inc*., 125 Wn.2d 759, 763, 887 P.2d 898 (1995). In this case, the pre-judgment fees and charges Claimant seeks to add to its claims were not awarded in the judgment that was entered. The claimant is not now entitled to add these fees to the claim.

The Judgment itself also governs the terms of any additions to the judgment. In this case, the Claimant has failed to go through the process mandated under the Judgment for increases to the Judgment.

The following portions of the claim should be denied:

- Pre-Judgment Interest
- Pre-Judgment Escrow Advances
- Pre-Judgment Fees/Costs
- Post-Judgement Fees/Costs

November 4, 2022

_/s/ Jason E Anderson _
Jason E Anderson WSBA #32232
Attorney for Billie Jean Harris.,

OBJECTION TO CLAIM